**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **TEAMSTERS LOCAL 623 a/w** | : | |
| **INTERNATIONAL BROTHERHOOD** | : | |
| **OF TEAMSTERS, AFL-CIO** | : | |
| **4369 Richmond Street** | : | |
| **Philadelphia, PA 19137** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | |
| **UNITED PARCEL SERVICE, INC.** | : | |
| **15 Oregon Avenue** | : | |
| **Philadelphia, Pennsylvania 19148** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**COMPLAINT**

1.      This Complaint is an action to confirm and enforce a labor arbitration award under Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 185.

3.      Venue is proper in this judicial district as both parties reside and conduct their business here, and the dispute arose here.  This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.      The Plaintiff, Teamsters Local 623 a/w International Brotherhood of Teamsters, AFL-CIO ("Union"), is a labor organization within the meaning of Section 152(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and maintains an office and does business at 4369 Richmond Street in Philadelphia, Pennsylvania.

5.      The Defendant, United Parcel Service, Inc. ("UPS"), is an employer within the meaning of Section 152(2) of the NLRA, 29 U.S.C. § 152(2), and maintains offices and does business at 15 Oregon Avenue and 1 Hog Island Road in Philadelphia, Pennsylvania.

**BACKGROUND**

6.      The Union and UPS are, and have been at all material times to this action, parties to a collective bargaining agreement ("Agreement") which establishes the wages, hours and terms and conditions of employment for a bargaining unit of employees employed by UPS and represented by the Union.

7.      Article 3, Section 7 of the Agreement provides, with certain limited qualifications, that supervisors are not permitted to perform bargaining unit work.  The applicable Article and Section of the Agreement is attached hereto as Exhibit A.

8.      The Union filed a grievance pursuant to the grievance-arbitration procedure in the Agreement, alleging that UPS had violated Article 3, Section 7 of the Agreement.

9.      The parties were unable to resolve the grievance, and it was referred to the Atlantic Area Parcel Grievance Committee ("AAPGC"), pursuant to the Agreement.  The grievance-arbitration procedure of the Agreement is attached hereto as Exhibit B.

10.     On April 22, 2004, the AAPGC issued its decision.  The Decision provides:

Based on the facts presented, the parties will adhere to Article 3, Section 7(c). There is no monetary claim in this case.

A copy of the AAPGC's decision is attached hereto as Exhibit C.

11.     UPS has failed and refused to comply with the AAPGC's decision.

12.     UPS's refusal to comply with the terms of the AAPGC's decision is unlawful and without justification and constitutes a clear violation of the Agreement and Section 301 of the Labor-Management Relations Act.

## **REMEDY**

13.     By virtue of the refusal of UPS to comply with the AAPGC's decision, the Union has been denied the relief to which it is entitled to under the decision, and UPS has failed to meet its obligations to adhere to final and binding arbitration awards as required by the Agreement.

**WHEREFORE,** the Union respectfully requests judgment in its favor and the issuance of an Order providing that:

A.     Judgment be granted in favor of the Union and against UPS to enforce the arbitration decision of the AAPGC dated April 22, 2004;

B.     UPS be directed to comply with the arbitration decision by doing the following:

(1)     Refrain from having supervisors perform bargaining unit work in violation of the Agreement;

(2)     Establish and maintain a list of call-in employees in compliance with the Agreement;

(3)     Comply with the call-in and list procedure as provided in the Agreement;

(4)     Post the call-in list in compliance with the Agreement.

3

(5)     Back wages and other make whole remedies for employees aggrieved by UPS's refusal to comply with the arbitration decision from the date of the arbitration decision until such time that UPS complies with the decision.

C.     Cost of proceeding, together with reasonable attorney's fees, be granted in favor of the Union and against UPS; and

D.     Such other relief be granted as the Court shall deem just and proper.

Respectfully submitted,

FREEDMAN AND LORRY, P.C.

_____
NEAL GOLDSTEIN
Pa. Attorney I.D. No. 17589
Validation of Signature Code: ng1935
LANCE GEREN
Pa. Attorney I.D. No. 86064
Validation of Signature Code: lmg61
400 Market Street, Suite 900
Philadelphia, PA 19106
(215) 931-2530

Dated: May 24, 2004